UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY A. KRAMER,

    Petitioner,                                          Case No. 1:17-cv-14162
v.                                                       Honorable Thomas L. Ludington

RANDEE REWERTS,[1]

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner, Timothy A. Kramer, confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded no contest to the lesser offense of one count of felonious assault, Mich. Comp. Laws § 750.82 and being a second-offense habitual offender, Mich. Comp. Laws § 769.10. He was sentenced October 2, 2013, to serve 18 to 72 months for his convictions.

Petitioner contends that his due process rights were violated when the trial court sentenced him based upon inaccurate information, that the trial court violated his Sixth Amendment right to a jury trial by engaging in judicial fact-finding that increased his minimum sentence, that the judge erred in ordering restitution, that the trial court erred in failing to address Petitioner's *pro per* motion to withdraw his no contest plea, and that he was denied the effective assistance of appellate counsel. The respondent has filed an answer to the petition, asserting that the claims are procedurally defaulted and lack merit.

---

[1]The caption is amended to reflect the current warden of petitioner's facility of incarceration.

## I.

Petitioner entered a no contest plea to felonious assault in exchange for dismissal of the original charge of third-degree criminal sexual conduct. The parties stipulated to the use of the preliminary examination transcript to serve as the factual basis for the plea. Sara Wolf testified at the preliminary examination that she dated Petitioner for almost two years and that they had a son together. Wolf woke up one morning in the home they shared to find Petitioner rubbing her vaginal area, over her clothing. She pushed Petitioner's hand away and told him to stop. Petitioner then called Wolf a bitch, pushed her arm back, and pulled her pants down. Wolf tried to pull her pants back up with her other hand when Petitioner again called her a bitch, pulled her pants back down, held her other hand down, pushed her leg up causing her pain, spit on her vaginal area and then forced his penis inside of her. Wolf testified that she told Petitioner to stop and get off her and that she never gave him permission to have sex with her. Wolf also begged Petitioner to get a condom, but he told her he would ejaculate inside of her, which he did. (T. 3/20/2012, pp. 4-12).

Petitioner's conviction was affirmed on direct appeal. *People v. Kramer,* No. 327409 (Mich. Ct. App. July 13, 2015). Petitioner did not seek leave to appeal with the Michigan Supreme Court.

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Kramer*, No. 12-198-FH (Washtenaw County Cir. Ct. Aug. 13, 2015). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Kramer*, No. 334229 (Mich. Ct. App. Dec. 19, 2016), *lv. den.* 501 Mich. 924, 903 N.W.2d 565 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court deprived Mr. Kramer of his constitutional right to be sentenced upon the basis of accurate information by mis-scoring offense variable 11.

II. The trial court erred in denying Mr. Kramer relief when he stated that *Lockridge* did not apply to his case.

III. It was error to order restitution when there was no record at the sentencing hearing to determine the circumstances or what date the injury arose.

IV. Mr. Kramer was prejudiced when the trial court did not address his in pro per motion to withdraw his no contest plea and then waited over 8 months.

V. Mr. Kramer received ineffective assistance of appellate counsel when counsel failed to attach exhibits to his newly discovered evidence affidavit and failed to present errors of the trial court's order denying post-conviction relief to the Michigan Court of Appeals.

## II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Importantly, the trial judge denied Petitioner's claims raised in his post-conviction motion for relief from judgment in part because Petitioner failed to show cause and prejudice, as required by Mich. Ct. R. 6.508(D)(3), for not raising these claims on his appeal of right. Although the state court judge referred to Mich. Ct. R. 6.508(D)(3), he also denied Petitioner's post-conviction claims on the merits. Thus, AEDPA's deferential standard of review applies to his opinion. *See Moritz v. Lafler*, 525 F. App'x 277, 284 (6th Cir. 2013) (unpublished).[2]

### III.

### A.

Petitioner first argues that his due process rights were violated when the trial court judge incorrectly scored Offense Variable 11 of the Michigan Sentencing Guidelines.

---

[2] Respondent contends that petitioner's claims are procedurally defaulted, because he raised them for the first time in his first post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be efficacious to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)(unpublished); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)(unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

**B.**

Petitioner next contends that the trial court judge erred by considering factors beyond what was admitted to by Petitioner or which were found by a jury beyond a reasonable doubt, when scoring the sentencing guidelines variables.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 ( 2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 570 U.S. at 106-07. The Supreme Court, however, indicated that the ruling in *Alleyne* did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial, *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364, 870 N.W.2d at 506 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at

391-92, 870 N.W.2d at 520-21 (*relying on Booker*, 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

The remedy under *Lockridge* is a remand for the trial court judge to determine if he would impose the same sentence even without the guidelines. The Michigan Supreme Court stated that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich. at 397. This remedy is based on the procedure adopted by the Second Circuit in *United States v. Crosby*, 397 F.3d 103, 117–118 (2nd Cir. 2005). *See Lockridge*, 498 Mich. at 395–396.

Petitioner raised his *Lockridge* claim before the trial court in his motion for relief from judgment. The trial judge denied Petitioner's claim finding that *Lockridge* did not apply:

> *Lockridge* does not apply in this case as the Court already did a guideline review when the Court found substantial and compelling reasons to exceed the sentencing guidelines. Cases that are subject to an upward departure cannot establish a threshold showing of the potential for plain error under *Lockridge*. *People v Wilson*, No. 324856, 2016 WL 2731096, at *11 (Mich Ct App May 10, 2016). Furthermore, the court is satisfied that it would not impose a materially different sentence than the one already in place.
>
> ECF No. 6-7, Page ID. 221.

The trial court judge, on post-conviction review, explained on the record that he would have imposed the same sentence. Petitioner's *Lockridge* claim is therefore moot.[1] *See Hill v.*

---

[1] Moreover, Petitioner's *Lockridge* claim is non-cognizable on habeas review to the extent that the Michigan Supreme Court arguably extended *Allyene's* limitation on judicial fact finding with respect to statutory minimums to guideline variables. Petitioner does not have a right under the federal constitution to avail himself of a remedy created by the Michigan Supreme Court.

*Sheets*, 409 F. App'x 821, 824-25 (6th Cir. 2010) (The Michigan Supreme Court's decision to vacate petitioner's life sentence and order his re-sentencing in conformance with the United States Supreme Court's holdings in *Miller* and *Montomery* thus moots petitioner's sentencing claims). Here, Petitioner presented his *Lockridge* claim before the trial court on post-conviction review. The trial court found that the "Court already did a guideline review when the Court found substantial and compelling reasons to exceed the sentencing guidelines...[and] is satisfied that it would not impose a materially different sentence than the one already in place." Petitioner's second claim is moot.

## C.

Petitioner next claims that he was deprived of his due process rights when the trial court assessed restitution in the amount of $ 954.00, without establishing a record that would support the Order of Restitution.

Petitioner does not state a claim upon which federal habeas relief can be granted. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other cost, he may not bring a petition for a writ of habeas corpus. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)(quoting *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984)); *see also Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be an amendment of the court's order of restitution and not release from custody, the writ of habeas corpus is not implicated. *United*

*States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998). Petitioner's third claim in not cognizable on habeas review.

Furthermore, Petitioner brought his restitution claim before the trial court in his motion for relief from judgment. The trial court judge reviewed the claim and found:

> As to Defendant's objection to the restitution amount, Defendant's request is DENIED. The Court relies on its ruling at sentencing, the preliminary examination transcript, the victim impact statements and on the argument found in the Prosecutor's answer. The record is clear that Defendant fractured the complaining witness's nose during the Felonious Assault. The PSIR clearly stated the restitution amount and Defendant did not object to that amount.

ECF No. 6-7, PageID.221.

Petitioner's third claim is non-cognizable and waived.

**D.**

In his fourth claim, Petitioner contends that he was prejudiced when the trial court took eight months to address his *pro per* motion to withdraw his no contest plea, at which point the statutory time period had expired. Petitioner sought to withdraw his plea claiming that he was coerced into taking the plea by his trial counsel, that he is actually innocent, there was an insufficient basis for the felonious assault charge and there was a lack of a factual basis for the crime on the record.

At the outset, Petitioner has no federal constitutional right or absolute right under state law to withdraw his no contest plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or no contest plea is discretionary with the state trial court. *See Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

The only question on collateral review of a guilty or no contest plea is whether the plea was counseled and voluntary. *United States v. Broce,* 488 U.S. 563, 569 (1989). "A plea of

guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998)(citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). The specific question for this Court is whether petitioner's no contest plea was voluntary and intelligent. *Hoffman*, 159 F. Supp. 2d at 655.

A guilty or no contest plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645, n. 13 (1976). Furthermore, a plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty or no contest. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty or no contest plea, as evidenced by the plea colloquy, is valid. *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty or no contest plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty or no contest entered by one fully aware of the direct consequences,

including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

The record in this case establishes that Petitioner knowingly and voluntarily pleaded no contest to the charges. Petitioner was advised of the maximum penalties of the crimes that he was pleading to, as well as the rights that he would be giving up by pleading no contest. Tr. at 5-6, ECF No. 6-3. The terms of the plea agreement were placed on the record. *Id.* Petitioner acknowledged that his plea was free and voluntary and that no threats had been made to get him to plead no contest. *Id.*

Petitioner's claim that his counsel coerced him into pleading no contest is defeated by the fact that Petitioner stated on the record at the plea hearing that no threats had been made to get him to plead no contest and that he was pleading freely and voluntarily. Petitioner's claim that he was coerced into pleading no contest is insufficient to overcome the presumption of veracity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 750-51 (E.D. Mich. 2005). Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987). Because Petitioner knew about the alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until months

later and after he had been sentenced undermines the credibility of his claim that he was coerced into pleading no contest. *See United States v. Ford*, 15 F. App'x 303, 309 (6th Cir. 2001).

Petitioner claims that he was coerced into pleading no contest when his counsel informed him that there would be a lot of women on his jury, the victim is a good liar, and he would likely get 18 to 27 years on the CSC and generally that sexual assault defendants serve 85 percent of their time. Trial counsel also indicated that a plea to felonious assault was "just another felony and after sentencing, you can file for parenting time so you can see your son." *See* Habeas Petition, p. 11. Petitioner now contends that he is innocent of the charge and there is no factual basis to sustain his plea.

The record of the state court proceedings is as follows:

THE COURT: Do you understand that by pleading no contest you waive your right to the jury trial scheduled to begin this morning?

THE DEFENDANT: Yes.

THE COURT: And, that you waive all the rights you would have had at the trial? Those being the right to cross-examine witnesses called by the prosecutor, the right to subpoena witnesses to testify on your behalf, the right to testify yourself, the right not to testify and not have your silence used against you, the right to be presumed innocent, and the right to require the prosecutor to prove your guilt beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Other than what's been placed on the record today, has anyone promised you anything or threatened you in any way to get you to plead no contest?

THE DEFENDANT: No.

THE COURT: Is it your own free choice to plead no contest at this time?

THE DEFENDANT: Yes.

THE COURT: Are you currently on probation or parole for any other offense?

THE DEFENDANT: No.

THE COURT: Do you understand if I accept your no contest plea you will not have a right to automatically appeal this conviction?

THE DEFENDANT: Yes.

THE COURT: That also means you're waiving your right to claim that today's plea agreement was as a result of any promises or threats not placed on the record today, do you understand that?

THE DEFENDANT: Yes.

THE COURT: The charge is felonious assault as a habitual second. That is a felony punishable by up to six years in prison. How do you plea to that charge?

THE DEFENDANT: No contest.

THE COURT: Very well. The Court will review the preliminary examination transcript of March 20th, 2012, to determine if there's a factual basis to support this plea. And, will note for the record that I've previously reviewed this in some detail preliminary to the matters that have been before the Court before.

Are the People satisfied there's a factual basis to support this plea?

MS. LIDDELL: We are, Your Honor, thank you.

THE COURT: Is the defense satisfied?

MS. IVERSON: Yes, Your Honor.

(T. 8/12/2013, pp. 5-6).

Petitioner's claim that there was no factual basis to support the plea is defeated by his counsel's stipulation that there was a factual basis to support his plea. Petitioner is also not entitled to habeas relief because he has failed to show a reasonable probability that he could have prevailed on the third-degree criminal sexual conduct charge had he gone to trial. He has also failed to show that he would have received a lesser sentence than he did by pleading no contest to one charge of felonious assault and a habitual second, in exchange for the dismissal of the original charge of Criminal Sexual Conduct, third degree and the habitual offender charge. *See*

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d at 750. Petitioner is not entitled to relief on his fourth claim.

E.

In his fifth claim, Petitioner contends that appellate counsel was ineffective for failing to attach exhibits to his affidavit in support of his claim of newly discovered evidence and failed to present the errors of the trial court's order denying him post-conviction relief in his application for leave to the Michigan Court of Appeals.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The exhibits at issue pertain to Petitioner's third and fourth claims, which have already been addressed and rejected. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because the claims cannot be shown to be meritorious, appellate counsel was not ineffective in her handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

F.

Petitioner filed a motion for release on bond. (Dkt. # 7).

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas

petitioner meets this standard. *Dotson*, 900 F.2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). Furthermore, by implication, a federal court should not grant bail under other circumstances. Here, Petitioner has failed to establish that he is entitled to habeas relief; he is not entitled to release on bail. *See e.g. Greenup v. Snyder*, 57 F. App'x 620, 621-22 (6th Cir. 2003)(unpublished). Petitioner also filed a petition for temporary restraining order also seeking release based on innocence. For the same reasons, that petition will be denied.

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that the motion for immediate release, ECF No. 7, is **DENIED**.

It is further **ORDERED** that the petition for temporary restraining order, ECF No. 9, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 31, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney record herein by electronic means and to **Timothy A. Kramer** #768356, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on January 31, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager